FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 09 2011 ★

BROOKLYN OFFICE

SUMMONS ISSUED
SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

COURTNEY HOWELL,

                                        Plaintiff,

        -against-                                    **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICERS            Jury Trial Demanded
EMRAH ATES (SHIELD NO. 19618), RICHARD
ELLIOTT (SHIELD NO. 21793), TONNICA CORLETTE
(SHIELD NO. 19352), and JOHN DOES 1-4.

                                        Defendants.

-------------------------------------------------------------------- x

CV 11 - 5485

MAUSKOPF, J.

MANN M.J.

## **PRELIMINARY STATEMENT**

1.      This is a civil rights action alleging that the City of New York, and several New

York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth

and Fourteenth Amendments to the United States Constitution. Specifically, plaintiff alleges that,

beginning on May 4, 2010, defendants falsely arrested him, employed excessive force,

fabricated evidence, maliciously prosecuted him, and made false allegations about him to the

Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages,

attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## **JURISDICTION & VENUE**

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth and

Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this

Court by 28 U.S.C. §§ 1331 and 1343.

3.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4.     Plaintiff is a citizen of the United States and a resident of Brooklyn in the City and State of New York.

5.     The City of New York (the "City") is a municipal corporation organized under the laws of the State of New York.

6.     Police Officers EMRAH ATES ("Ates"), RICHARD ELLIOTT ("Elliott") and TONNICA CORLETTE, ("Corlette") are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. They are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. They are sued in their individual and official capacities.

7.     Police Officers JOHN DOES 1-4 (the "officers" or the "Does") are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. The Does are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

7.     On May 4, 2010, at approximately 10:15 p.m., Plaintiff was lawfully present near 3201 Neptune Avenue in Brooklyn, New York.

2

8.    Officers Emrah and Ates approached Plaintiff, accosted him and attempted to place him in handcuffs.

9.    At that time, no probable cause existed either to search Plaintiff or to arrest Plaintiff.

10.    Plaintiff resisted the unlawful arrest.

11.    Ates and Elliott applied excessive force during their attempts to handcuff Plaintiff, causing Plaintiff's wrist to be broken.

12.    Ates and Elliott ignored Plaintiff's protestations that his wrist was in pain.

13.    Officer Corlette responded to a call for assistance, and thereafter assisted Ates and Elliott in subduing and handcuffing Plaintiff.

14.    Plaintiff was transported to Police Service Area 1.

15.    Plaintiff was transported to Coney Island Hospita where he received treatment for the injuries sustained as a result of the incident, including a fractured wrist.

**16.**    Plaintiff was transported to Brooklyn Central Booking, where he was charged with resisting arrest, and criminal possession of controlled substance in the third, fifth and seventh degrees.

17.    Defendant officers misrepresented to the Kings County District Attorney's Office that Plaintiff had committed the offenses of criminal possession of a controlled substance in the third, fifth and seventh degrees.

18.    Plaintiff was arraigned in Kings County Criminal Court, whereupon bail was set.

19.    Plaintiff made several visits to Kings County Hospital for follow-up care with respect to the fractured wrist.

3

20.     Ates appeared before a Kings County grand jury, falsely testifying that Plaintiff possessed 25 glassine envelopes containing cocaine.

21.     The grand jury indicted Plaintiff on charges of resisting arrest and criminal possession of a controlled substance in the third, fifth and seventh degrees.

22.     On March 15, 2011, Plaintiff was convicted after a jury trial of resisting arrest, and acquitting of criminal possession of a weapon in the third, fifth and seventh degrees.

23.     Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM

### (§1983 FALSE ARREST)

21.     Plaintiff repeats the foregoing allegations.

22.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

23.     Plaintiff was aware of his confinement and did not consent to it.

24.     The confinement was not otherwise privileged.

25.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SECOND CLAIM

### (§1983 UNREASONABLE FORCE)

26.     Plaintiff repeats the foregoing allegations.

4

27. Defendants violated the Fourth and Fourteenth Amendments because they used a degree of force on Plaintiff that was unreasonable because it was unnecessary under the circumstances.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

### THIRD CLAIM

### (§1983 FABRICATION OF EVIDENCE)

29. Plaintiff repeats the foregoing allegations.

30. The individual Defendants created false evidence against Plaintiff and forwarded such false evidence to the Kings County District Attorney's Office.

31. In creating such false evidence, the Defendants violated Plaintiff's constitutional right to due process.

32. The aforesaid conduct by the City of New York violated Plaintiffs' rights under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

**33.** As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

### FOURTH CLAIM

### (§1983 MALICIOUS PROSECUTION)

34. Plaintiff repeats the foregoing allegations.

35. Defendant Officers commenced a criminal proceeding against Plaintiff.

36. Such proceeding terminated in favor of Plaintiff.

37. No probable cause existed for the commencement of the criminal proceeding.

38. Defendant Officers commenced the proceeding with actual malice.

5

39.     In maliciously prosecuting Plaintiff, Defendants violated the Fourth and Fourteenth Amendments to the United States Constitution.

**40.**     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

### FIFTH CLAIM

### (§1983 "MONELL" CLAIM)

41.     Plaintiff repeats the foregoing allegations.

42.     The City, through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

43.     The City, through its police department, has had and still has hiring, training, promotion and retention practices that it knows will lead to the hiring, training, promotion of police officers unable to discharge their duties in accordance with the constitution.

44.     The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

45.     The City, at all relevant times, was aware that these individual Defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

46.     The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

47.     These policies, practices and customs were the moving force behind Plaintiff's injuries.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Costs, interest and attorney's fees;

d.    Such other and further relief as the Court may deem just and proper.

DATED:    November 7, 2011

New York, New York

**ROBERT MARINELLI**
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427

7