UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

COURTNEY HOWELL,

                                         Plaintiff,

                 -against-

Police Officer EMRAH ATES, Shield No. 19618; Police Officer RICHARD ELLIOTT, Shield No. 21793; Police Officer TONNICA CORLETTE, Shield No. 19352; Police Officer MICHAEL IZZO, Shield No. 4225; Police Officer CARMINE ZANCA, Shield No. 27535; Sergeant DIANA PICHARDO, Shield No. 2816; and JOHN DOES 1-4.

                                       Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

11-CV-5485 (RRM)(RLM)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Courtney Howell ("plaintiff" or "Mr. Howell") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Emrah Ates, Shield No. 19618 ("Ates"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ates is sued in his individual and official capacities.

8. Defendant Police Officer Richard Elliott, Shield No. 21793 ("Elliott"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Elliott is sued in his individual and official capacities.

9. Defendant Police Officer Tonnica Corlette, Shield No. 19352 ("Corlette"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Corlette is sued in his individual and official capacities.

10. Defendant Police Officer Michael Izzo, Shield No. 4225 ("Izzo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Izzo is sued in his individual and official capacities.

11. Defendant Police Officer Carmine Zanca, Shield No. 27535 ("Zanca"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Zanca is sued in his individual and official capacities.

12.     Defendant Sergeant Sergeant Diana Pichardo, Shield No. 2816 ("Pichardo"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Pichardo is sued in her individual and official capacities.

13.     At all times relevant defendants John and Jane Doe 1 through 4 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 4.

14.     At all times relevant herein, defendants John and Jane Doe 1 through 4 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 4 are sued in their individual and official capacities.

15.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

16.     On May 4, 2010, at approximately 10:15 p.m., Plaintiff was lawfully present near 3201 Neptune Avenue in Brooklyn, New York.

17.     Officers Emrah and Ates approached Plaintiff, accosted him, threw him to the ground and attempted to place him in handcuffs.

18.     Officer Corlette assisted Ates and Elliott.

19.     Ates, Elliott and Corlette used excessive force on Plaintiff.

3

20. While the defendants were using this force on Plaintiff they ignored his protestations that his wrist was in pain.

21. Officers Zanca and Izzo and Sergeant Pichardo were present while the other defendants were using excessive force on Plaintiff.

22. Zanca, Izzo and Pichardo were in a position to intervene in the use of this excessive force, had an opportunity and obligation to do so and failed to intervene.

23. As a result of the defendants' use of excessive force and failure to intervene, Plaintiff's wrist was broken.

24. Defendants placed handcuffs on Plaintiff's wrists when they knew that his wrist was injured.

25. Defendants did not provide medical attention to Plaintiff.

26. Instead, Plaintiff was taken to Police Service Area 1.

27. Some time later, Plaintiff was ultimately transported to Coney Island Hospital where he received treatment for the injuries sustained as a result of the incident, including a fractured wrist.

28. After being released from custody, Plaintiff made several visits to Kings County Hospital for follow-up care with respect to the fractured wrist.

29. Plaintiff was assaulted, battered, suffered emotional distress, mental anguish, pain and suffering, fear, anxiety, embarrassment and humiliation.

## FIRST CLAIM
### Unreasonable Force

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Failure To Intervene

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

35. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Deliberate Indifference to Medical Needs

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The defendants were aware that plaintiff had a serious medical condition the treatment of which required the provision of medication on a specific schedule.

39. Defendants prevented plaintiff from taking his medication, with deliberate indifference to his medical needs, in violation of the Fourteenth Amendment.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages against the individual defendants, jointly and severally;

c. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    d. Such other and further relief as this Court deems just and proper.

DATED:    April 26, 2012
               New York, New York

                                    HARVIS MARINELLI
                                    SALEEM & WRIGHT LLP

                                    _____
                                    Afsaan Saleem
                                    305 Broadway, 14th Floor
                                    New York, New York 10007
                                    (212) 323-6880
                                    asaleem@hmswlaw.com

                                    *Attorney for Plaintiff*